# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ILONA REINHARDT, )
 )
              Plaintiff, )
 )
      v. ) No. CIV-07-261-FHS
 )
THE STATE OF OKLAHOMA, EX. REL.,)
DEPARTMENT OF MENTAL HEALTH AND )
SUBSTANCE ABUSE SERVICES, )
ET. AL. )
 )
             Defendants.)

## ORDER

Before the court for its consideration is a Motion to Compel Payment and Distribution Under Settlement Agreement filed by the Law Office of Smith & D'Antonio (hereinafter "Law Office"). The Law Office consists of attorneys who previously represented plaintiff Ilona Reinhardt in her first Title VII lawsuit.

The court finds the facts as follows. On August 23, 2007, plaintiff, through counsel, filed a Title VII lawsuit in this court. In this Complaint, she alleges gender discrimination, discrimination based on national origin, retaliation, deprivation of constitutional rights, violation of the Family Medical Leave Act, a 42 U.S.C. Sec. 1983 free speech claim and a claim for wrongful discharge under Oklahoma common law. These claims arise from her employment with and separation from the Oklahoma Department of Mental Health and Substance Abuse Services.

On April 14, 2008, the parties and their legal counsel attended a court ordered settlement conference which was presided over by Magistrate Judge Kim West. The settlement conference concluded in settlement. The parties signed a hand-written

document detailing the terms of the settlement agreement and was signed by all the parties (hereinafter "April 14, 2008").  As a result, this Court entered a "Judgment Dismissing Action by Reason of Settlement" on April 15, 2008.

Defense counsel drafted and forwarded a "Confidential Settlement Agreement and Release of Claims" to plaintiff's legal counsel via e-mail on May 5, 2008.  Defense counsel never received a response to his May 5, 2008, e-mail.

On May 14, 2008, plaintiff filed a Complaint *pro se* to initiate her second lawsuit case number 08-178.  Comparing this Complaint with the one filed in 07-261, the court found it clearly arose out of the same set of facts and contained essentially the same allegations. The *pro se* lawsuit clearly contains the same allegations which were the basis of the settlement agreement entered into on April 14, 2008.

On December 8, 2008, defendants filed a Motion to Enforce Settlement Agreement in 07-261.  On this same date, defendants filed in 08-178 a Motion to Strike Plaintiff's Complaint and Dismiss with Prejudice.  In the motions defendants seek enforcement of the settlement agreement and dismissal of the latest lawsuit.  Defendants also sought to set off the costs of this litigation against the amount of money they owe plaintiff pursuant to the provisions of the settlement agreement. The court granted the Motion to Enforce Settlement Agreement in 07-261 and granted the Motion to Strike Plaintiff's Complaint and Dismiss with Prejudice in 08-178. The court denied defendants request to set off the costs of the litigation against the amount of the settlement proceeds owed to plaintiff.  No appeal was filed of this decision.

On March 22, 2009, defense counsel sent an e-mail to plaintiff with a proposed settlement agreement (hereinafter "Confidential Settlement Agreement and Release of Claims"). Plaintiff refused to sign this document.

On June 2, 2009, Law Office filed a Motion to Compel Payment and Distribution under Settlement Agreement. In this motion, it seeks an order from the Court compelling the defendants to make payment and distribution of proceeds under the approved Settlement Agreement of April 14, 2008. Law Office states it has made several attempts to persuade defendants to effect payment and distribution under the written informal Settlement Agreement and this Courts Order of February 11, 2009. Defendants refused to make payment citing the plaintiff has not signed the formal settlement documents submitted to plaintiff on March 22, 2009. Law Office argues the Court's Order of February 11, 2009, is sufficient on its face to permit payment and distribution. Law Office argues it supercedes the *pro se* plaintiff's failure to personally execute the formal settlement agreement. Law Office stated the defendants in their Motion to Enforce Settlement Agreement requests the Court to enter an order compelling the parties to effectuate the terms of the April 14, 2008, Settlement Agreement. Law Office argues that is also what they are requesting.

Defendants responded to this motion stating they are waiting on plaintiff to execute the Confidential Settlement Agreement and Release of Claims before they will make a payment. Plaintiff Reinhardt filed a response saying that there is no need for her to sign the document generated by defendants because the informal settlement agreement signed by all the parties on April 14, 2008, is sufficient and defendants should pay the funds owed.

This court has previously found the April 14, 2008, Settlement Agreement was a valid settlement agreement. As a result of that valid settlement agreement this court dismissed a subsequent lawsuit filed by plaintiff *pro se.* The court dismissed the subsequent lawsuit because as a result of the previously entered into settlement agreement any of the plaintiff's claims were dismissed as a result of the settlement and released. At the defendants' request the court entered an order compelling the parties to effectuate the terms of the April 14, 2008 Settlement Agreement.

The court finds the intent of the April 14, 2008 Settlement Agreement was to forever settle all claims of the plaintiff against these defendants and to foreclose other future litigation in regard to these claims. The court finds the plaintiff is barred from bringing further litigation in regard to these claims and the defendants are hereby released from any further liability for these claims. Defendants are ordered to make payment to the plaintiff and Law Office pursuant to the provisions of the settlement agreement within 10 days of the entry of this order.

Accordingly, this lawsuit is dismissed in its entirety with prejudice to re-filing.

**IT IS SO ORDERED** this 10th day of July 2009.

Frank H. Seay
United States District Judge